[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

No. 10-10788
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cv-00181-CEH-SPC

STEVEN W. WASHINGTON,

Plaintiff-Appellee,

versus

JONATHAN TOBECK, individually, and
as an officer of the Ft. Myers Police Department,
JEREMY HAWKINS, individually, and as an officer
of the Ft. Myers Police Department,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 28, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Jonathan Tobeck and Jeremy Hawkins (together, "Defendants"), officers in the Fort Myers Police Department, appeal the district court's denial of their motion for summary judgment based on qualified immunity in Steven Washington's action for damages under 42 U.S.C. § 1983.[1] Washington has alleged that Defendants violated his Fourth Amendment rights when they entered his home without a warrant and arrested him.

Because Defendants were acting within the scope of their discretionary authority, Washington bears the burden of proving they are not entitled to qualified immunity. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136-37 (11th Cir. 2007). Thus, Washington "must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

Defendants claim on appeal that Washington cannot overcome qualified immunity under either prong. First, they claim that they did not violate Washington's Fourth Amendment rights because exigent circumstances justified

---

[1] We review "*de novo* a district court's disposition of a summary judgment motion based on qualified immunity, applying the same legal standards as the district court." *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003). All issues of material fact are resolved in favor of the plaintiff, and then, under that version of the facts, the legal question of whether the defendant is entitled to qualified immunity is determined. *Id.*

entering Washington's home to arrest him due to his violation of a noise ordinance, obstruction of justice, and battery of one of the officers. Second, and alternatively, Defendants argue that, even if they violated his Fourth Amendment rights in entering without exigent circumstances, they are still entitled to qualified immunity because the law did not clearly establish that their actions violated Washington's Fourth Amendment rights.

A warrantless arrest in the home without consent is prohibited by the Fourth Amendment absent probable cause[2] and exigent circumstances. *Welsh v. Wisconsin*, 466 U.S. 740, 749, 104 S. Ct. 2091, 2097, 80 L. Ed. 2d 732 (1984). Exigent circumstances exist when "the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." *McClish v. Nugent*, 483 F.3d 1231, 1241 (11th Cir. 2007) (citation omitted). Factors indicating exigent circumstances include:

> (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) a reasonable belief that the suspect is armed; (3) probable cause to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public.

---

[2] There is no dispute that Washington had violated the noise ordinance. However, because we find no exigent circumstances, we do not address the probable cause requirement.

*United States v. Standridge*, 810 F.2d 1034, 1037 (11th Cir. 1987). We presume that a warrantless entry into a home to make an arrest is unreasonable, and the government has a high burden to prove that exigent circumstances existed. *Welsh*, 466 U.S. at 750, 104 S. Ct. at 2098. Furthermore, "application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense . . . has been committed." *Id.* at 753, 104 S. Ct. at 2099.

A right is clearly established if it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002). For a plaintiff to avoid qualified immunity barring his suit, he need not show that the officer's conduct specifically has been held unlawful, but rather that "in the light of pre-existing law the unlawfulness [was] apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987).

Defendants claim that they reasonably believed Washington had assaulted Tobeck by slamming the door on his foot and that they never crossed the threshold and instead pulled Washington out from the doorway. But viewing the facts in the light most favorable to Washington, as we must, the record cannot sustain Defendants' claims. When they informed Washington of the noise violation, he

complied with their request to lower the volume of the music and then asked them to leave. When they did not respond, he attempted to close the door, but they stopped the door from closing, and then kicked in the door, stepped in, and arrested Washington in his home.

The district court did not err in denying Defendants' motion for summary judgment on this record. Exigent circumstances did not exist to arrest Washington. Only "a minor offense . . . ha[d] been committed," and no danger was apparent. *Welsh*, 466 U.S. at 753, 104 S. Ct. at 2099. There simply was no "urgent need for immediate action." *McClish*, 483 F.3d at 1241. Furthermore, the law was clearly established at the time of the incident that, with such a clear absence of exigent circumstances, Defendants' arrest of Washington in his home violated his Fourth Amendment rights. Accordingly, we affirm the district court's denial of Defendants' motion for summary judgment on qualified immunity grounds.

**AFFIRMED.**